# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| DAVID HEYNEN,           ) | |
|                         ) | |
|    Plaintiff,    ) | |
|                         ) | |
| v.                      ) | No. 3:10-CV-329 |
|                         ) | (Phillips) |
| CHRIS LEWIS, JOSH WEBB, and ) | |
| FTK ENTM'T, INC.,       ) | |
|                         ) | |
|    Defendants.   ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand [Doc. 6]. On May 13, 2008, Plaintiff filed suit in the Circuit Court of Knox County, Tennessee, alleging violations of the Tennessee Consumer Protection Act, fraud, misrepresentation, and conspiracy. [Plaintiff's State Complaint, Doc. 7-1]. Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant Josh Webb ("Mr. Webb"), appearing *pro se*, removed the case to federal court on July 23, 2008. [Mr. Webb's Notice of Removal, Doc. 3, in Heynen v. Give Life Found., *et al.*, Case No. 3:08-CV-253]. Removal was premised upon diversity jurisdiction under 28 U.S.C. § 1332. [Id.]. However, the case was later remanded to state court because defendant Give Life Foundation retracted its consent for removal. [Order Granting Plaintiff's Motion to Remand, Doc. 13 in Case No. 3:08-CV-253].

On July 30, 2010, Mr. Webb again removed the state case to federal court. [Notice of Removal, Doc. 2, in Case No. 3:10-CV-329]. Removal was premised upon diversity jurisdiction under 28 U.S.C. § 1332. On August 27, 2010, Plaintiff filed a Motion to Remand [Doc. 6], arguing that removal was improper. First, Plaintiff argues that removal violated 28 U.S.C. § 1441(b)

1

because Mr. Webb is a citizen of the forum state in which this case was removed. [Id.]. Second, Plaintiff argues that Mr. Webb removed the case more than two years after the commencement of the underlying state action, in violation of 28 U.S.C. § 1446(b). [Id.]. On September 4, 2010, Mr. Webb responded to Plaintiff's Motion to Remand [Doc. 8]. The other Defendants have not responded.

For the following reasons, Plaintiff's Motion to Remand [Doc. 6] is **GRANTED**, whereby this case is **REMANDED** to the Knox County Circuit Court for lack of subject matter jurisdiction. In addition, the Court **ORDERS** Mr. Webb to pay attorney's fees and costs associated with this removal. Plaintiff is **ORDERED** to submit an itemized statement of costs and attorney's fees incurred as a result of this removal. Plaintiff must submit the statement by **NOVEMBER 19, 2010.**

## I. ANALYSIS

### A. Mr. Webb, a Citizen of the Forum State, May Not Remove this Action

Removal in this case was premised upon diversity jurisdiction under 28 U.S.C. § 1332. Mr. Webb, a citizen of the forum state [*see* Mr. Webb's Notice of Removal, Doc. 2], violated 28 U.S.C. § 1441(b) when he removed the case to a federal court in Tennessee. That statute provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action [including actions based upon diversity jurisdiction] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

28 U.S.C. § 1441(b) (emphasis added). Mr. Webb clearly violated the statute: he cannot remove the state action to a federal court located in the forum state, when removal was based upon diversity jurisdiction, and Mr. Webb is a citizen of the forum state. Id.

To the extent that Mr. Webb argues that Section 1441(b) does not apply because he was not properly served in the underlying state action, that argument is without merit. Instead of offering evidence to show that he was not served in the state action, Mr. Webb makes a blanket assertion:

> Throughout the litigation of this case in State Court, and in the first Removal of this case to U.S. District Court Webb . . . has pointed out to the Court and to Plaintiff's counsel that service was never perfected in 2008. Counsel for Plaintiff has never fully contested this assertion, either in State or U.S. District Court. At no time during these proceedings has Plaintiff's counsel attempted to rectify this issue and perfect service.

[Mr. Webb's Response to Plaintiff's Motion to Remand, Doc. 8 at 1]. Mr. Webb has offered no proof that Plaintiffs failed to perfect service in the state action.

In any event, this action is remanded because Mr. Webb did not timely remove the case, as required by 28 U.S.C. § 1446(b).

### B.  Mr. Webb Did Not Timely Remove the Case

Section 1446(b) provides, in relevant part, that "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title [diversity jurisdiction] *more than one year after commencement of the action*." 28 U.S.C. § 1446(b) (emphasis added). Plaintiff filed the underlying state action on May 13, 2008. [Plaintiff's State Complaint, Doc. 7-1]. Mr. Webb did not file the Notice of Removal in the present case until over two years later. [Mr. Webb's Notice of Removal, Doc 2].

Despite the clear mandate of 28 U.S.C. § 1446(b), Mr. Webb wants the Court to ignore it:

> As stated previously, this case was removed to U.S. District Court in July of 2008, clearly within the 1-year timeframe set forth in 28 U.S.C. section 1446(b). In an order from this Court filed August 4, 2010, the Court found that this action is related to the previously styled Case No. 3:08-CV-253, arising from the same actions and involving similar parties. Webb would ask that this Court again take

> these related factors into consideration in regards to the time limit for
> removal and allow this case under the guidelines.

[Mr. Webb's Response to Plaintiff's Motion to Remand, Doc. 8 at 2]. In other words, Mr. Webb wants the Court to relate back to the previous federal lawsuit to determine whether removal in the present federal lawsuit was timely. Of course, this is not the relevant time period for deciding whether the present federal lawsuit was removed timely. In determining whether the present case was removed timely, the Court focuses on when the underlying state action was filed–which was on May 13, 2008– and when the Notice of Removal in the present lawsuit was filed, which was on July 30, 2010. The previous federal lawsuit has no bearing on whether the current federal lawsuit was timely removed–they are separate cases. Accordingly, Mr. Webb failed to timely remove the present federal lawsuit.

### C. Plaintiff is Entitled to Attorney's Fees and Costs

In addition to arguing that the case should be remanded, Plaintiff argues that Mr. Webb should pay attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). As part of the remand order, a district court "may require payment of just costs and any actual expenses, including attorney fees." 28 U.S.C. § 1447(c).

The Court of Appeals for the Sixth Circuit has held that "an award of costs [under Section 1447(c)], including attorney fees, is inappropriate where the defendant's attempt to remove the action was 'fairly supportable,' or where there has not been at least some finding of fault with the defendant's decision to remove." Bartholomew v. Town of Collierville, 409 F.3d 684, 687 (6th Cir. 2005) (quoting Ahearn v. Charter Twp. of Bloomfield, No. 97-1187, 1998 WL 384558, at *2 (6th Cir. 1998)). Recently, the Supreme Court held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the *removing party lacked an objectively*

*reasonable basis for seeking removal.*" Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (emphasis added).

In applying the test set forth in Martin, the Court finds that Mr. Webb did not have an objectively reasonable basis for removal. While courts may act leniently towards *pro se* litigants, this is the second time that Mr. Webb has removed a case to federal court. In both cases, jurisdiction was premised upon diversity jurisdiction, and ultimately, both cases were remanded for lack of subject matter jurisdiction. In the present case, there was no "reasonable basis" for Mr. Webb to think that removal was proper: he violated the clear mandates of two sections, 28 U.S.C. §§ 1441(b) and 1446(b). *See e.g.*, Chase Manhattan Mortg. Corp. v. Smith, 507 F.3d 910, 913 (6th Cir. 2007) (affirming the district court's award of attorney's fees and costs because "[t]here was no objectively reasonable basis to conclude that diversity jurisdiction was appropriate *because the [defendants] were citizens of the state where the state court action was filed*") (emphasis added).

Because Mr. Webb violated the clear mandates of 28 U.S.C. §§ 1441(b) and 1446(b), the Court **ORDERS** Mr. Webb to pay attorney's fees and costs associated with this removal. Plaintiff is **ORDERED** to submit an itemized statement of costs and attorney's fees incurred as a result of this removal. Plaintiff must submit the statement by **NOVEMBER 19, 2010**.

## II.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand [Doc. 6] is **GRANTED**, whereby this case is **REMANDED** to the Knox County Circuit Court for lack of subject matter jurisdiction. In addition, the Court **ORDERS** Mr. Webb to pay attorney's fees and costs associated with this removal. Plaintiff is **ORDERED** to submit an itemized statement of costs and attorney's fees incurred as a result of this removal. Plaintiff must submit the statement by **NOVEMBER 19, 2010.**

**IT IS SO ORDERED**.

        **ENTER:**

                <u>    s/ Thomas W. Phillips    </u>
                United States District Judge