UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DAVID HEYNEN, )
)
      Plaintiff, )
) No. 3:10-CV-329
) (PHILLIPS/GUYTON)
V. )
)
CHRIS LEWIS, JOSH WEBB, and )
FTK ENTERTAINTMENT, )
)
      Defendants. )

### REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the order of the District Judge [Doc. 13] referring the Plaintiff's Statement of Costs and Attorney's Fees of David Heynen [Doc. 12] to the undersigned for report and recommendation.

**I.    BACKGROUND**

On May 13, 2008, Plaintiff filed suit in the Circuit Court of Knox County, Tennessee, alleging violations of the Tennessee Consumer Protection Act, fraud, misrepresentation, and conspiracy. [Doc. 7-1]. Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Josh Webb, appearing *pro se*, removed the case to federal court on July 23, 2008. [See Doc. 3, in Heynen v. Give Life Found., *et al.*, Case No. 3:08-CV-253]. Removal was premised upon diversity jurisdiction under 28 U.S.C. § 1332. However, the case was later remanded to state court because defendant Give Life Foundation retracted its consent for removal. [Doc. 13 in Case No. 3:08-CV-253].

On July 30, 2010, Mr. Webb again removed the state case to federal court. [Doc. 2]. Removal was premised upon diversity jurisdiction under 28 U.S.C. § 1332. On August 27, 2010, Plaintiff filed a Motion to Remand [Doc. 6], arguing that removal was improper. The District Judge granted the Motion to Remand [Doc. 9], on October 25, 2010.

On November 16, 2010, the Plaintiff filed his request for an award of attorneys' fees and costs. On November 24, 2010, Defendant Josh Webb responded in opposition to the request. [Doc. 14]. This matter was referred to the undersigned on November 17, 2010, and the Court finds that it is now ripe for adjudication.

## II.    ANALYSIS

The Plaintiff requests an award of both attorneys' fees and costs and expenses in this action. The Court will address each of these potential awards in turn.

### A.    Attorneys' Fees

In the Order granting the Plaintiff's request for remand, the District Judge directed that Defendant Webb pay attorneys' fees and costs associated with this removal, pursuant to 28 U.S.C. § 1447(c). [Doc. 9 at 4].

Accordingly, the Court finds that the only issue before the Court is the reasonableness of the attorneys' fee award requested in this case. In making this determination, a court must start with the "lodestar" figure, which is arrived at by multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

There is a "strong presumption that the lodestar figure . . . represents a 'reasonable' fee." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986).

However, district courts may take other factors into account in calculating reasonable attorneys' fees. Graceland Fruit, Inc. v. KIC Chemicals, Inc., 320 Fed. App'x. 323, 329 (6th Cir. 2008). These factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Graceland Fruit, 320 Fed.App'x. 323 at 329 (quoting Blanchard v. Bergeron, 489 U.S. 87, 91 n. 5, (1989).

The Court has examined the Plaintiff's lodestar total of $1,952.50, as calculated using hourly rates of $200.00 for partners, $175.00 for associates, and $75.00 for law clerks. The Plaintiff has produced sufficiently detailed records of the hours expended in this case. [Doc. 12-1 at 5], and the Court finds this calculation to be accurate and entitled to a strong presumption of reasonableness.

Moreover, examining the pertinent factors, the Court finds the lodestar method produces a reasonable fee. The Court finds that the hourly rates charged are reasonable given the subject of this suit and the customary rates in this district. Further, the Court finds that the Defendant's objections to certain billing entries as being redundant or unnecessary are not well-taken. The Court has reviewed the hours expended in this case, and the Court finds that the hours are sufficiently

3

documented and were reasonably expended on necessary pleadings and actions in this case. Moreover, the Plaintiff successfully prosecuted this action and received his desired relief, a remand.

Accordingly, the Court finds that the Plaintiffs' request for **$1,952.50** in attorneys' fees is reasonable, and the Court will **RECOMMEND** that this request be **GRANTED**.

**B.     Taxation of Costs and Expenses**

Local Rule 54.1 governs taxation of costs in this District, and it instructs as follows:

> If counsel for the litigants in a civil case are able to agree on costs, they need not file a bill of costs with the Clerk. If counsel cannot agree, a bill of costs shall be filed by the prevailing party with the Clerk within 30 days from the entry of judgment. A copy of the bill of costs shall be served upon opposing counsel. The opposing party shall file written objections within 30 days from the date of service. The Clerk shall then assess the costs in accordance with the Court's Guidelines on Preparing Bills of Costs.

The Statement of Costs and Attorney's Fees now before the Court do not certify that the Plaintiff previously sought a determination of costs from the Clerk of Court, and it appears from the record that the issue of costs has not been properly presented to the Clerk of Court. Thus, the Court finds that the motions do not comply with Local Rule 54.1.

Accordingly, the Court finds that the Plaintiff's submission regarding costs and expenses is not well-taken at this time, and the Court **RECOMMENDS** that they be **DENIED WITHOUT PREJUDICE**. The Plaintiff may prepare a certificate of costs — in compliance with the Guidelines on Preparing Bills of Costs found at http://www.tned.uscourts.gov/docs/guidelines.pdf — to be filed with the Clerk of Court within **fifteen (15) days** of entry of the District Judge's order ruling on this Report and Recommendation. The Clerk of Court will then assess costs pursuant to Local Rule 54.1, Federal Rule of Civil Procedure 54, and 28 U.S.C. §1920, as applicable.

4

### III. CONCLUSION

In sum, the Court **RECOMMENDS** that the Plaintiff's request for attorneys' fees as contained in the Statement of Costs and Attorney's Fees [Doc. 12] be **GRANTED** and the Plaintiff's request for costs contained in the Statement of Costs and Attorney's Fees be **DENIED WITHOUT PREJUDICE**, to allow refiling under Local Rule 54.1.

Respectfully Submitted,

s/ H. Bruce Guyton
United States Magistrate Judge